WEST, Respondent, v. MARTIN, Appellant.

1. The liability of a surgeon for an error of judgment depends not merely upon the fact that he may be ordinarily skilful as such, but whether he has treated the case skilfully, or has exercised in its treatment such reasonable skill and diligence as is ordinarily exercised in his profession. There may be responsibility where there is no neglect. The error of judgment may be so gross as to be inconsistent with that degree of skill that it is the duty of every surgeon to possess.

*Appeal from Buchanan Court of Common Pleas.*

This is an action for damages for malpractice, in the unskilfulness with which defendant set plaintiff's leg. On the trial defendant offered to prove by plaintiff's witness that plaintiff and his family had weak bones, very liable and easy to break

and which were hard to cure. The court excluded the evidence about the bones. Plaintiff asked Dr. Trevor this question : " That if the directions of a surgeon had been followed in the treatment of the leg when broken, and he a skilful man, and the fracture a simple oblique fracture, would the leg, in your opinion, appear as it does ?" The witness answered he thought it would not. Defendant objected to the answer. The following are the instructions of defendant refused by the court : " 3. If the defendant is a surgeon of ordinary skill, he is not responsible in this case for an error of judgment. 4. Notwithstanding defendant may have set plaintiff's thigh bone unskilfully, yet if the injury was occasioned by any act of plaintiff or any failure on the part of plaintiff to submit to and observe the directions of defendant relating to the treatment and cure of plaintiff's thigh, they will find for defendant. 6. The jury will exclude from their consideration, in making up their verdict, all evidence introduced bfore them which does not tend to prove the manner of setting the bone broken, and the skilfulness in setting the same, but will consider only such evidence as tends to prove the setting of the broken bone and skill exercised in said act of setting. 7. That the setting of a broken bone is the act of adjusting the broken fragments of the broken bone to their natural position occupied by them before broken, and the treatment of the case after the setting of the bone is a different thing and distinct from the setting of the bone."

*Ensworth & Loan*, for appellant.

I. The court erred in excluding the evidence of Dr. Goslee in relation to the character of plaintiff's bones. The surgeon is responsible only for want of reasonable skill and care, and upon this question it is a material circumstance for the jury to know what is the diathesis of the patient. The skill that would in ordinary cases effect a cure, may in a particular case, under peculiar circumstances, result in a deformity.

II. The court erred in giving the instruction as asked by the plaintiff. The petition charges only unskilfulness in set-

ting the leg, and the instruction authorizes a recovery for unskilful treatment of the thigh afterwards. This the law will not tolerate. (Duncan v. Fisher, 18 Mo. 403.) The third instruction should have been given. (Leighton v. Sargent, 7 Foster, N. H., 460.) The fourth instruction should have been given. There was evidence tending to show that the directions of the defendant had not been observed, and if the injury sustained by plaintiff was occasioned by any act of plaintiff, the defendant is not responsible therefor. (McCandless v. McWha, 22 Penn., 10 Harris, 261.) The sixth instruction should have been given, as the only allegation in the petition was unskilfulness in setting the bone. The seventh instruction should have been given.

*Vories & Vories*, for respondent.

I. The court properly excluded the evidence offered by defendant to prove the weakness and insufficiency of the bones of the family relatives of the plaintiff. The question in this case was as to the unskilful treatment of plaintiff's leg by defendant, and the character of the bones of the family would throw no light upon that subject. They did not offer to prove that the deformity of the leg was caused by any inherent defect in the broken bone, nor was any such defence set up or relied on in the answer. (8 Watts & Serg. 376.)

II. The medical witness was properly admitted to give his opinion in reference to the condition of the leg or thigh, predicated upon a supposed state of facts growing out of the evidence in the cause. The question was one of science, about which the scientific witness had a right to give his opinion. (1 Greenl. Ev. § 440.)

III. The third instruction asked by defendant was properly refused by the court. The law had been fairly and properly given in other instructions, and said instruction assumed that a surgeon would not be responsible for an error of judgment, however gross, and if it had been given would have induced the jury to believe that nothing but wilful misconduct in a

surgeon would render him liable, which is not the law. The fourth instruction assumes that if plaintiff had failed to follow the exact instructions or directions of defendant in the treatment of his leg, and that any injury, however slight and trivial, had resulted therefrom, that in that case defendant would not be liable for any unskilfulness, however gross, and no matter what the injury to the plaintiff might be. This is not the law; it is admitted that if the injury had materially or substantially resulted from the fault of plaintiff he could not recover. Said instruction was therefore properly refused. (New Haven, &c., v. Vanderbilt, 16 Conn. 420; Sedgwick on the measure of Damages, top page, 494, 497 and notes; 9 Carr. & Payne, 604; McCandless v. McWha, 22 Penn., by Harris, 267.) This last case covers several points in the present case.

EWING, Judge, delivered the opinion of the court.

We can not perceive the relevancy of the evidence offered by the defendant as to the "weakness of the bones of the plaintiff's family." No such inquiry could properly arise upon the pleadings or any issue in the cause. The petition alleges unskilfulness in the treatment of the broken limb, and this allegation is traversed by the answer. If any hereditary peculiarity of that kind could have availed as a defence at all, it should have been set up in the answer. There was no offer to prove any inherent defect in the bones of the plaintiff himself, or that the deformity of the leg resulted from any such thing, or that the treatment was rendered more difficult on that account, nor was any thing of the kind relied on in the answer.

Whether errors of judgment will or will not make a surgeon liable in a given case depends not merely upon the fact that he may be ordinarily skilful as such, but whether he has treated the case skilfully or has exercised in its treatment such reasonable skill and diligence as is ordinarily exercised in his profession. For there may be responsibility where there is no neglect, if the error of judgment be so gross as

to be inconsistent with the use of that degree of skill that it is the duty of every surgeon to bring to the treatment of a case according to the standard indicated. We think, therefore, the defendant's third instruction was well refused, and that the charge given at the instance of the plaintiff was unexceptionable on this point.

The defendant's fourth instruction assumed the non-liability of the defendant if the injury complained of was occasioned in whole or in part by any act of the plaintiff, or any failure on his part to submit to and observe the directions of the defendant relating to his treatment and cure, although the surgeon may have set the plaintiff's thigh unskilfully.

The general principle that a party seeking legal redress must not only show his adversary to be in the wrong, but also that he himself is without fault, is subject to modification when there is mutuality in it, and both parties have contributed to produce the injury, and the instruction, we think, was erroneous. The rule in such cases seems to be, that if the plaintiff substantially contributed to the injury by his improper or negligent conduct, he can not recover; but if the injury was occasioned by the improper or negligent conduct of the defendant and the plaintiff did not substantially contribute to produce it, then the latter would be entitled to the verdict. (Sills v. Brown, 9 Carr & P. 601; 16 Conn, 428.)

The sixth and seventh instructions confined the attention of the jury to the single act of setting the bone, and excluded from their consideration all evidence relating to the subsequent treatment of the case by the surgeon. The general treatment of the case by the defendant during the time he was attending the patient was evidently the matter for consideration, and not merely the adjustment of the bones in the first instance. He was, as the evidence shows, attending the defendant for several weeks, and in the course of the treatment the leg became crooked; whether it was caused by unskilfulness or inattention on the part of the surgeon,

or the misconduct of the patient in disregarding his instructions, could only be determined by considering the course and character of the treatment during the period of the defendant's professional service.

In reference to the question propounded to Dr. Trevor, although in more general terms than is usually admissible in eliciting the opinion of experts, we think the answer given could not have prejudiced the defendant, as it expressed no unfavorable opinion as to the treatment of the case, nor as to the cause of the injury or deformity.

Judgment affirmed; Judge Napton concurring. Judge Scott absent.