## VINCENSO ARMELIO et al., Respondents, v. G. C. WHITMAN et al., Appellants.

**Kansas City Court of Appeals, January 6, 1908.**

1. **NEGLIGENCE: Pleading: Contract: Inducement.** Inducement is the statement of matter which introduces the principal subject of the pleading as necessary to its explanation; and a petition is examined and held that a reference to a contract is a mere matter of inducement, and the case simply sounds in negligence.

2. ———: ———: ———: **Evidence.** Under the pleading the objection that the contract introduced in evidence varied from that pleaded was not well taken, since the action does not sound in contract but in negligence.

3. ———: **Raising Building: Instructions.** Instructions relating to negligence in regard to raising a building and shoring it up are approved.

4. ———: ———: ———. A contractor raising a building is not an insurer of its safety and is only bound to use ordinary care; and an instruction is approved.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

*W. T. Latham* for appellant.

(1) The duty on which liability is alleged to be founded, or the contract out of which tort arises, should be correctly stated, whether the action is in form *ex contractu* or *ex delicto*. There is a variance between the duty of contractor as stated and the proof in support thereof that is fatal, for whether action is in form *ex contractu* or *ex delicto*, cause of action as set forth is based on a contract, the contract must be proven as al-

leged. Ingwerson v. Railroad, — Mo. —, 103 S. W. 1143. (2) Absence of an allegation of a duty on part of party complained against to protect the complainant from injury of which he complains renders the complainant bad. Loehring v. Construction Co., 118 Mo. App. 163; Shaw v. Goldman, 116 Mo. App. 332; Field v. Railroad, 76 Mo. 614. Action based on joint contract cannot be sustained. Myers v. Railroad, 120 Mo. App. 288; Lumber Co. v. Railroad, 180 Mo. 420. (3) Ownership of the property is a material allegation in the petition, and the verbal evidence of Armelio is not the best evidence any more than it would be in an ejectment suit. (4) The court erred in not sustaining demurrer offered at close of plaintiff's case. Ingwerson v. Railroad, — Mo. —, 103 S. W. 1143; Loehring v. Construction Co., 118 Mo. App. 163; Shaw v. Goldman, 116 Mo. App. 332; Meyers v. Railroad, 120 Mo. App. 288. (5) There is no evidence that defendant was guilty of negligence or that he negligently and unskillfully propped up, underpinned and attempted to secure same with weak, insufficient and unskillfully arranged underpinning and material. Plaintiff's alleged specific acts of negligence and rule of law places the burden of proving same on the plaintiff. McGrath v. Transit Co., 197 Mo. 97; Hamilton v. Railroad Co., 114 Mo. App. 504; Yarnell v. Railroad, 113 Mo. 570; Heizer v. Kingsland and Douglas Mfg. Co., 110 Mo. 605; Roddy v. Railroad, 104 Mo. 234. (6) Court erred in giving instruction number one for plaintiffs. Stone v. Hunt, 94 Mo. 475. (7) Court erred in giving instructions for plaintiff. Hawes v. Stock Yards Co., 103 Mo. 60; Bayley v. St. Louis, 149 Mo. 122; Heizer v. Kingsland & Douglas Mfg. Co., 110 Mo. 605; Roddy v. Railroad, 104 Mo. 234; Murphy v. Wabash, 115 Mo. 111; Yarnell v. Railroad, 113 Mo. 570; Holstein v. Railway, 97 Mo. App. 271; Fuch v. St. Louis, 167 Mo. 620; McGrath v. Transit Co., 197 Mo. 97; Murphy v. Wabash, 115 Mo. 111.

*Hughes & Whitsett* for respondent.

(1)   Defendant's contention, in the court below and here, is that plaintiffs sued "to recover damages for injuries claimed to have been received on account of the manner in which an alleged contract was performed." This is an entire misconception of the cause of action stated in the petition. The contract is alleged merely as explaining the license of the defendant to enter upon the premises and do the work. Brecheisen v. Coffee, 15 Mo. App. 80; Bouvier's Law Dictionary, Quoted in St. Lo. Con. Coal Co. v. Peers, 97 Ill. App. 188, 194; Cyc. 22, p. 498, Title "Inducement." (2)   The ownership of the property was properly proved. The title to the lot was not in question. (3)   In view of the evidence in this case, the instructions are correct. Rine v. Railroad, 100 Mo. 228; Haynes v. Railroad, 54 Mo. App. 582; Hill v. Scott, 38 Mo. App. 370. (4)   The principle of law expressed by the phrase, *"res ipsa loquitur,"* was not applied in this case, but might well have been, with perfect propriety. Scott v. Dock Co., 3 Hurl. & Colt. 596; 2 Thompson on Negligence, 1227-1235; Sherman & Redfield, on Neg., sec. 59; Kearney v. Railroad, 5 Q. B. 411; Mulcairns v. Janesville, 67 Wis. 24; Dougherty v. Railroad, 81 Mo. 325; Hill v. Scott, 38 Mo. App. 370; Minister v. Railroad, 53 Mo. App. 276; Seiter v. Bischoff, 63 Mo. App. 157; St. Clair v. Railroad, 99 S. W. 775; Haas v. Railroad, 111 Mo. App. 706; Blanton v. Dold, 109 Mo. 64; Hamilton v. Railroad, 123 Mo. App. 619.

ELLISON, J.—The plaintiff's action is for damages resulting from the destruction of plaintiff's house. The judgment was for him in the trial court.

The petition charges that defendants "were engaged in the work of elevating the house . . .   for the purpose of putting a foundation and basement rooms under-

neath the same, and while so doing carelessly and negligently and unskillfully propped up, underpinned and attempted to secure the same with weak, insufficient and unskillfully and improperly arranged underpinning and material, so that said house, by reason of the *negligence, carelessness* and lack of skill of defendants, collapsed and fell, and was thereby completely destroyed."

It appears that plaintiffs employed defendant Albinesi to raise the house, place foundation thereunder, etc. Albinesi engaged one Simmons to raise the house and do the carpenter work and the latter, in turn, employed defendant Whitman, a house raiser by business, to raise the house. The latter entered upon the work and propped the house up on cribs. When the foundation wall was built on the south side the cribs were taken out and the house rested on the wall on that side. But Whitman took out cribs on other sides and placed in their stead pieces of heavy timber set on end on jackscrews in such manner as to set out from the building at the bottom and leaning towards it until the top was under the side. There was evidence tending to show that this support of the building was put up and placed in such negligent manner as to cause the building to fall. It did fall and was destroyed.

Defendant insists that there was a failure of proof in that while there were allegations of contract in the petition, there was no evidence of the contracts between the parties as to raising the house. A perusal of the petition leaves it manifest that defendant is in error in supposing the suit to be upon the contract. The petition is quite short and the only reference to a contract between the parties is simply that the defendants were engaged in raising the house by reason of a contract. There are no terms of a contract stated and no attempt to state a case under a contract. It is only mentioned at all as a mere incident by way of inducement showing why defendants came to be engaged at the work. "In-

ducement in pleading is the statement of matter which is introductory to the principal subject of the declaration or plea, and which is necessary to explain or elucidate it." [Bouvier's Law Dictionary, Quoted in St. Louis Consolidated Coal Co. v. Peers, 97 Ill App. 188, Cyc. 22, p. 498, Title "Inducement."]

The case is simply negligence in performance of work and was so tried. Whatever defect (if any) there may have been, it is evident that it did not lie in the direction of a failure to prove a contract, since none was alleged. If no case could be stated without it be made on the contract and its breach, that matter of objection was not made. The objection was not that the case was not on the contract, but that being on the contract, it was not proven. So the objection to the evidence that a contract was offered different from that pleaded is based on the same idea that a contract had been sued upon. We think it not well taken. A breach of contract was not the basis of the action, notwithstanding defendants' assuming that it was. If it should have been and was not, the objection should have been so entered.

There was no legal ground for the claim that no proof of ownership was made of the property.

There was ample evidence to support the charge of negligence and we have only to ascertain if the jury was properly instructed as to the law of the case. Instruction number 1, seems to be plain and is easily understood. We think it proper and the objection thereto as hypercritical. Instruction number 3, on the measure of damages is said to be too general. But it is good so far as it goes into the matter and if defendants thought it should be more specific they should have asked for instructions of that character. [Browning v. Railway, 124 Mo. 55.]

The action of the court on the instructions offered by defendant was correct. As offered the court gave

those numbered 5 and 6. The former really embraced all that was necessary to the defense. It informed the jury that defendant Whitman was not an insurer of the safety of the building and that he was only bound to use ordinary care, that is, such care as an ordinary prudent person would exercise in the same circumstances. Those given by the court of its own motion embodied all that was proper in those offered by defendant and refused.

When all the instructions are read as a series, as they should be, it is apparent that the whole case was fully and clearly stated to the jury in hypotheses that embraced every issue. The verdict had ample evidence to sustain it. There was no error substantially affecting the merits of the action and in such case it is our duty under the statute (section 865, Revised Statutes 1899), to affirm the judgment and it is so ordered. All concur.