JOSEPH L. GHERE, Respondent, v. E. G. ZEY, Appellant.

Kansas City Court of Appeals, January 27, 1908.

1. PHYSICIAN AND PATIENT: Malpractice: Conflicting Evidence: Appellate Practice.  Where the theory of plaintiff and defendant are each sustained by evidence, the question of fact is for the jury and the sole province of the appellate court is to review the trial court's action in admitting and refusing evidence and in giving and refusing instructions.

2. ———: ———: ———.  The striking out of certain evidence is approved since it was not responsive to the question and argumentative in its character.

3. ———: ———: Instruction: Degree of Skill.  An instruction limiting the physician's skill to that ordinarily used by competent physicians and surgeons under like circumstances and conditions, sufficiently measures the skill required by the ordinary skill of physicians in the locality.

4. ————: ————: ————: Damages. An instruction relating to the measure of damages is not regarded as too general and it was the defendant's duty to ask a more specific one if he so desired.

5. ————: ————: ————: Directions. An instruction relating to following the physician's directions is held to comport with a proper construction of the pleading.

5. ————: ————: ————: Substitution of Another Physician. An instruction denying the right of the physician to leave another physician in charge of the plaintiff is approved.

6. TRIAL AND APPELLATE PRACTICE: Conduct of Counsel: Closing Argument. Certain alleged improper remarks of counsel in a closing argument are held not to be harmful and the failure of the defendant to ask the court to reprimand counsel therefor prevents his complaint on appeal.

Appeal from Bates Circuit Court.—*Hon. Charles A. Denton*, Judge.

AFFIRMED.

*Francisco & Clark* and *Silvers & Silvers* for appellant.

(1)   A physician called to treat a patient is bound to use the ordinary skill and care exercised by his profession in the community where he practices—not the highest degree of skill and care known to his profession. Lawson v. Conway, 38 Am. St. 17; Forsee v. Gregory, 38 Am. St. 371; Pike v. Horsinger, 63 Am. St. 655; Sawdey v. Spokane & Co., 94 Am. St. 880; 14 Am. and Eng. Ency. of Law (1 Ed.), 80-82; 15 Am. and Eng. Ency. of Law (1 Ed.), 439; McClelland on Civil Malpractice, 18, 19, 109; 22 Am. and Eng. Ency. of Law (2 Ed.), 799. (2)   The elements of damages is a question of law, concerning which the court should instruct the jury specifically and correctly. The first clause of instruction numbered 2 tells the jury that if they find for plaintiff they should assess damages in a sum not exceeding five thousand dollars. This is too general. Camp v. Railroad, 94 Mo. App. 284; Stephens v. Railroad, 96 Mo. 207. (3)

Issues not presented by the pleadings should not be submitted to the jury by instructions. Fairgrieve v. Moberly, 29 Mo. App. 154; Koenig v. Railroad, 173 Mo. 724; Waddingham v. Hulett, 92 Mo. 528. (4) It is not proper to submit an issue to the jury which has not been raised under the pleadings and evidence. Paddock v. Somes, 102 Mo. 226; Hamilton v. Crowe, 175 Mo. 634; Wilkerson v. Eilers, 114 Mo. 245; Stephan v. Metzger, 95 Mo. App. 609. (5) An instruction should not be given where there is no evidence to support it. Paddock v. Somes, 102 Mo. 226; Wilkerson v. Eilers, 114 Mo. 245; Stephan v. Metzger, 95 Mo. App. 609. (6) In all matters of doubt, or where there are two or more methods of treatment, recognized as good by skilful surgeons, a physician can use his own best judgment. He is not required to use the best judgment of the profession. Vanhoser v. Berghoff, 90 Mo. 487; Sawdey v. Spokane, 94 Am. St. 880. (7) Instructions that are conflicting, contradictory or repugnant should not be given. Henschen v. O'Bannon, 56 Mo. 289; Stevenson v. Hancock, 72 Mo. 612; Nichols v. Jones, 32 Mo. App. 657; Schneer v. Lemp, 17 Mo. 142; State v. Herrell, 97 Mo. 105; Lower v. Carbondale, 57 Mo. App. 181. (8) A physician does not warrant a cure; nor does a surgeon called to treat a fracture warrant a perfect union, or any union, of the parts. He is required to use ordinary care and skill only—such as is used by those of his own profession in the locality where he practices. See authorities under point I; 9 Ency. Dic. of Evid., p. 844; Piles v. Hughes, 10 Iowa 579; Wood v. Barker, 49 Mich. 295; 13 N. W. 597.

*W. O. Jackson* and *Thos. J. Smith* for respondent.

(1) No objection having been made by appellant to the giving of any of the instructions, except those numbered I, II, III and IV, no exceptions to the action of the court in giving these other instructions having been taken at the time, the question as to whether or not

they or any of them were improper or erroneous is not subject to review by this court, even if the attention of the court below had been properly called to the alleged error by motion for new trial. Both of these steps are necessary to obtain review in the appellate court. Graves v. Harrison, 84 Mo. App. 684; Hoffman v. Malloy, 91 Mo. App. 367. (2) The remaining error complained of was the failure of the court to reprimand respondent's counsel for alleged improper remarks in argument. The trial court was not called upon to either say whether these remarks were or were not improper, nor was the court asked to reprimand respondent's counsel, but because the court did not do this without being called upon appellant excepted to the failure of the court to reprimand. R. S. 1899, sec. 864; Rush v. Brown, 101 Mo. 592; Gorham v. Railroad, 113 Mo. 408; Bank v. Flanagan, 129 Mo. 178.

ELLISON, J.—The defendant is a physician and surgeon and was employed to serve plaintiff professionally. Plaintiff brought this action for malpractice and recovered judgment in the trial court.

It appears that plaintiff was driving when his horse became frightened at an automobile and he was thrown from his vehicle, his leg being broken from the fall. Defendant was called and the charge is that he so negligently and unskillfully performed the service required in and about the broken leg as to cause it to be "impossible to get a perfect union and to get the leg properly extended, as a result of which, said leg has been materially shortened and plaintiff rendered a cripple for life."

Though the case seems to have been sharply contested and though the record presented here is quite large, yet there appears to be little in the case which is the province of this court to determine. The record discloses that there was evidence which, if believed by

the jury, tended to support the plaintiff's theory and charge of negligent treatment; and upon the other hand, there was evidence tending to sustain defendant's defense of proper professional skill and diligence in the treatment rendered. In such situation it is settled law that the jury must determine the facts and render a verdict in accordance with their belief. The sole province of the court, on appeal, is to ascertain whether the trial court committed error in admitting or rejecting evidence, or in giving or refusing instructions. Though the evidence is voluminous, there is but one complaint on that head and that is where the court struck out a statement made by defendant that he "was interne for the City (St. Louis) Hospital; the assistant in the medical college there is something every medical student works for; that is the height of their ambition." That was properly stricken out. It was not responsive to the question and was argumentative in character.

There were ten instructions given. It does not appear that they were asked by either party and seem to have been given by the court of its own motion and they perhaps were, as they fully present the law of the case on the theory as advanced by both plaintiff and defendant. The defendant only excepted to the action of the court in giving numbers 1, 2, 3 and 4, and though others are discussed we cannot notice them. It is urged that instruction one is too general and that it should have only required defendant to have exercised the ordinary skill of physicians *in the locality where he practices.* The instruction, while not using those words, did limit the skill to that "ordinarily used by competent physicians and surgeons *under like circumstances and conditions.*" This we think was proper and is the substance of what defendant contends for, so that we need not determine the correctness of defendant's position.

Instruction two is said to be too general in not limiting the damages. But we find it to be perfect in so far

as it goes, and if defendant wished one more specific, it was his duty to ask it and to except if refused. [Browning v. Railroad, 124 Mo. 55.] This case has been uniformly approved by the Supreme and appellate courts.

The objection to instruction three concerning a claim for following out defendant's directions, is that no claim of that nature is stated in the petition. This, we think an erroneous construction of the petition, and we regard the instruction as proper.

Instruction number four informed the jury that under defendant's employment he had no right to substitute any other person to take his place in treating plaintiff without the latter's consent. There was evidence in the case upon which this instruction was based and it was proper to give it. The defendant was contemplating a trip to Europe and that he would leave another physician in charge of plaintiff. Plaintiff refused the offer and employed others.

Exception was taken to remarks of one of plaintiff's counsel in argument as not being warranted by the evidence. The trial court did not seem to consider them harmful. Nor do we understand how they could have affected the mind of the jury as to the merits of the case. Besides, the only reference to this in the motion for new trial is that "the court erred in not reprimanding counsel for plaintiff for improper and prejudicial remarks in his closing argument." The court was not asked to reprimand counsel. There was no complaint made at the time the remarks were uttered that they were prejudicial; and, as already stated, we think they were not.

Finally complaint is made of the refusal of two instructions offered by defendant. The first one, in part, was already, in effect, embodied in those given. The remainder amounted to a comment on a particular part of the evidence. The entire substance of the second one was embraced in those given. We think the jury

could not have failed to understand the issues presented.

An examination of the entire record satisfies us that we have no right to interfere with the judgment and it is therefore affirmed.    All concur.