BOOKER M. ROBERTSON, Appellant, v. HENRY U. WENGER et al., Respondents.

**Kansas City Court of Appeals, May 25, 1908.**

1. **MALPRACTICE: Negligence: Skill: Instruction.** Where physicians hold themselves out as healers of physical injuries, ailments and diseases and undertake to heal a patient, they impliedly obligate themselves to be possessed of skill and knowledge necessary for the purpose, and an instruction set out in the opinion is held not to be a departure from that implication when taken with the other instructions of the case.

2. ———: ———: ———: ———: **Evidence.** Other instructions considered with the evidence and it is held that it makes no difference whether the defendant possessed the requisite skill, since the failure to exercise such skill and knowledge to the satisfaction of the jury would have entitled plaintiff to recover whether the defendants had such skill or not.

Appeal from Callaway Circuit Court.—*Hon. Edward W. Hinton, Special Judge.*

AFFIRMED.

*J. W. Tincher, D. P. Bailey* and *Silver & Brown* for appellant.

(1) The trial court committed error in giving instruction numbered 1, requested by defendants. The averments of the petition were sufficient to raise the issue of defendants' lack of professional skill and knowledge, and the instruction being to the contrary was misleading and erroneous. Vanhooser v. Beighoff, 90 Mo. 487; Logan v. Field, 192 Mo. 54. (2) Error in instructions are presumptively harmful and will require a reversal, unless it clearly appears it could not have misled the jurors and was harmless. Gerber v.

Kansas City, 105 Mo. App. 191; Camp v. Railway, 94 Mo. App. 273; Doyle v. Trust Co., 140 Mo. 20; State v. Shipley, 174 Mo. 512. And it devolves on the respondent to make it clear the error was so harmless. Parkleton v. Pugsley, 107 Mo. App. 675.

*Harris & Hay* and *N. D. Thurmond* for respondents.

(1) Only such issues as are supported by some evidence should be submitted to the jury. Issues must be both pleaded and proven. Danker v. Mfg. Co., 102 Mo. App. 723; Stone v. Hunt, 114 Mo. 66; 11 Ency. of P. & P., p. 170 and authorities there cited; Bank v. Fudge, 109 Mo. App. 191. (2) A judgment will not be reversed because an instruction assumes a fact to be true about which there is no controversy. Crescent Planing Mill Co. v. Spilker, 77 Mo. App. 409; Bertram v. Railway, 154 Mo. 639. (3) Under section 865, Revised Statutes 1899, an erroneous instruction must be prejudicial in order to warrant a reversal. Delaney v. Bowman, 82 Mo. App. 252; Nelson v. Foster, 66 Mo. 381. (4) Although there are errors in some of the instructions, yet if the sole question of fact about which there was any controversy was impartially submitted, the judgment will be affirmed. Wagner v. Elec. Co., 82 Mo. App. 287. (5) The giving of an erroneous instruction is not ground for reversal where it is manifest from the undisputed facts in the case that it could not have prejudiced the appellant. Breckenridge v. Insurance Co., 87 Mo. 62; Kelly v. Clancy, 15 Mo. App. 519; Loeffler v. Packett Co., 7 Mo. App. 185.

BROADDUS, P. J.—This is an action for malpractice. The petition charges: that defendants at or about the 7th day of September, 1906, held themselves out as healers of physical injuries, ailments and dis-

eases, their treatment being commonly known as that of osteopathy; that at the date mentioned defendants undertook to treat plaintiff for injuries he had theretofore suffered by a fall; and that while so treating plaintiff it was their duty to use reasonable care and skill That defendants failed in their duty, in that they negligently treated plaintiff for a dislocation of the hip joint, when in fact no such dislocation existed, and defendants, in treating plaintiff for said supposed dislocation of the hip joint did so violently, unskillfully and negligently manipulate, handle and deal with plaintiff's body that they fractured and broke plaintiff's left femur, or thigh bone in two places, one place being at or near the juncture of the neck and shaft of the femur, and the other in the shaft proper of the femur about three inches below the great trochanter; and that defendants after breaking the femur did so negligently and unskillfully treat said fractured parts that they were viciously and faultily healed and joined together, that is to say that they were not joined and united in apposition, but were permitted to heal in a misshapen and malformed manner.

The answer of defendants admitted that they were osteopathic physicians but denied all the other allegations of the petition.

The case is here as to the evidence on a short bill of exceptions pursuant to rules 8, 9 and 10 of this court. The evidence of plaintiff tended to prove the allegations of his petition and that of the defendants to controvert that of the plaintiff. The cause was tried before a jury which after being instructed by the court returned a verdict for defendants. The plaintiff appealed from the judgment. The error complained of was the action of the court in giving in behalf of the defendants instruction numbered one, which is as follows:

"The jury are instructed that in this case the de-

fendants, Drs. Wenger and Wood, are not charged by the plaintiff with being unskillful or with a lack of professional skill and knowledge, or as not being properly trained and qualified physicians, but that in the examination or diagnosis and treatment of plaintiff's injuries they, defendants, did not use ordinary skill, but negligently and unskillfully treated plaintiff. Hence, if you believe and find from the evidence that in the examination and treatment of plaintiff's injuries defendants used such reasonable care and diligence as is customarily used by physicians of ordinary skill under similar circumstances, the plaintiff cannot recover herein, and your verdict must be for defendants."

The objection to the instruction is that it removed from the consideration of the jury the question of defendants' unskillfulness and want of knowledge. The contention of defendants is that the question of defedants' skill and knowledge was not made an issue by the pleadings. It is held: "A petition charging a surgeon with malpractice, which alleges that he undertook to reduce and set a bone and to attend, cure and heal the same and also alleges that he promised carefully and skillfully to perform said service, but that he carelessly, negligently and unskillfully failed to set, locate and reduce the dislocation and bind up dress and secure the same taken altogether does not set out an express promise to cure, but only such an undertaking as the law implies which is to employ reasonable skill and diligence." [Vanhooser v. Berghoff, 90 Mo. 487.] "In accepting a patient, the physician says, that he possesses and will exercise reasonable skill and judgment to discover the trouble of the patient and whether it is curable." And: "If the failure of a physician to discover and cure the trouble of his patient is because the physician does not possess reasonable skill or because he does not exercise such skill, he is not entitled to any pay for his services." [Logan v. Field, 192 Mo. 54.]

The allegations of the petition that defendants held themselves out to the world as healers of diseases and physical injuries and their undertaking to heal plaintiff was sufficient to raise the implied obligation that they possessed the skill and knowledge necessary for the purpose.

The plaintiff's instruction one was as follows: "The court instructs the jurors that where persons hold themselves out to the public as practicing a method or system of treating diseases or ailments of or injuries to the human body the law implies a promise or duty on their part to use reasonable skill and care in the matter of said treatment.

"And the court further instructs the jurors that if, at the time when plaintiff was suffering from bodily injuries received from the fall from the ladder on the band stand referred to in the evidence, defendants were holding themselves out to the public at Fulton, Missouri, as practicing a method or system (known as osteopathy) of treating diseases and ailments of or injuries to the human body, and if the defendants undertook to treat plaintiff for the bodily injuries theretofore received in said fall, and did not use reasonable skill and care in the matter of said treatment, and in treating plaintiff for said injuries caused by the said fall from the ladder on the band stand, defendants did so violently, unskillfully and negligently manipulate, handle and deal with plaintiff's body, that defendants did fracture and break plaintiff's left thigh bone in one or more places, or if defendants, after so breaking or fracturing plaintiff's thigh bone (if such was the case) did negligently and unskillfully treat said fracture or fractures, and did by said negligence and unskillfulness cause or permit the fractured parts of said thigh bone to join and unite together in a faulty, misshapen and malformed manner, then the jurors will find the issues

for the plaintiff and assess his damages as indicated in other instructions given in the case."

This instruction seems to comply with the plaintiff's theory of the case and was a proper application of the law to the facts of the case, but it does not necessarily follow that the one given for defendants was erroneous and misleading although the court told the jury that the defendants' skill and knowledge were not put in issue by the pleadings, as the jury were at the same time told that defendants' liability depended upon the question of their exercise of reasonable care and skill in the treatment of plaintiff's injuries. When we say that a physician is obligated by his undertaking to use skill it is necessarily and unavoidably implied that he must have such skill otherwise he could not exercise it.

We are not in a position to know whether there was any evidence tending to show that defendants did not possess the requisite professional skill and knowledge, but that could make no difference as proof of the failure to exercise such skill and knowledge to the satisfaction of the jury would have entitled him to recover and if he failed to make such proof the inference would be that they possessed and exercised such skill and knowledge. In other words defendants could not have successfully controverted plaintiff's evidence without having shown such to be the case. We cannot see how plaintiff could have been prejudiced by the instruction.

Affirmed. All concur.