GRAYCE KEITHLEY THOMPSON, Respondent, v. THE CITY OF INDEPENDENCE, Appellant.

Kansas City Court of Appeals, June 8, 1908.

1. MUNICIPAL CORPORATIONS: Defective Sidewalk: Accident: Instruction. Instructions held to have properly covered every issue in the case leaving no just ground to say the jury did not fully understand what they were to determine.

2. ——: ——: Measure of Damages: Instructions. An instruction relating to the measure of damages, though general, is held sufficient and that it was the duty of defendant to ask more specific instructions if it desired them.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*C. C. Madison* for appellant.

(1)  The court should have directed a verdict for defendant because of absolute failure of proof that defendant had notice of the defect in time to have repaired it before the accident occurred.  Ball v. Neosho, 109 Mo. App. 683; Drake v. City, 190 Mo. 370; Fehlhaner v. City, 178 Mo. 635; Badgley v. St. Louis, 149 Mo. 133; Gerber v. Kansas City, 105 Mo. App. 191; Bonine v. City, 75 Mo. 437.  (2)  The court committed error in giving plaintiff's instruction numbered 1.  See authorities under point I.  (3)  The court committed error in giving plaintiff's instruction numbered 2. Stoetzle v. Swearingen, 96 Mo. App. 392; Pryor v. Railway, 85 Mo. App. 367; Shanahan v. Transit Co., 109 Mo. App. 228; Krower v. Transit Co., 107 Mo. App. 41; Kirkpatrick v. Railway, — Mo. App. —; Boyd v. Transit Co., 108 Mo. App. 303.  (4)  The court erred in refusing instruction numbered 6, requested by defendant.  Maxey v. Railway, 95 Mo. App. 303; Feary v. Railway, 162 Mo. 75.  (5)  The refusal of instruction numbered 7, requested by defendant, was error.  Gerber v. Kansas City, 105 Mo. App. 191; Jackson v. Kansas City, 106 Mo. App. 52; Keithley v. City, 120 Mo. App. 255.

*L. T. Dryden* for respondent.

(1)  The authorities cited by appellant are not applicable to the facts in this case.  (2)  Loss of time. Even if she had lost time from work such as she had been doing, she, and not her husband, was entitled to recover for it under a recent decision of this court in an opinion by Judge Johnson.  Kirkpatrick v. Railway, — Mo. App. —.  (3)  Appellants complain of the court's refusal to give instruction numbered 6.  There was no evidence, upon which to base this instruction. (4)  Where, upon the whole record, it is clearly manifest that the judgment is for the right party, it will not be reversed, though error was committed at the trial.

Jackson v. Magruder, 51 Mo. 55; Bank v. Armstrong, 92 Mo. 265; Vaughn v. Daniels, 98 Mo. 230; Williams v. Mitchell, 112 Mo. 300; State ex rel. v. Jones, 131 Mo. 194; Fell v. Mining Co., 23 Mo. App. 216; Bassett v. Glover, 31 Mo. App. 150; Cheek v. Waldron, 39 Mo. App. 21; Phillips v. Batchelder, 47 Mo. App. 52.

ELLISON, J.—This action was instituted to recover damages for personal injury received on one of defendant's streets. The case was here on a former appeal and may be found reported in 120 Mo. App. 255, where a statement of the facts may be had. The case was remanded for a new trial. In the meantime plaintiff was married to Thompson. She again recovered judgment and defendant again appeals.

After having examined the record we fail to find any substantial ground upon which to put the present appeal. The evidence shows beyond question that the city had notice of the defect sufficient in time to have enabled it to protect those travelling on the street from danger. The instructions given for either party properly covered every issue in the case and there is no just ground to say the jury did not fully and fairly understand what they were to determine.

Instruction numbered 6, based on the theory of an accident, was properly refused. All that was proper in refused instruction numbered 7 was included in number 3, given for defendant.

There is no good reason for complaint of the action of the court in giving instruction numbered 2 for plaintiff on the measure of damages. There is no reason to suppose the jury could have felt authorized to include any element not allowable. It was general, but proper in so far as it went, and if defendant desired it to be more specific, it was its duty to so request in an instruction of its own. [Browning v. Railway, 124 Mo. 55.] But it asked none on that subject. There is no reason-

able ground to suppose that the jury allowed plaintiff for time to which she was not entitled.

Passing by any question as to the sufficiency of the appeal, we are fully satisfied that the verdict was for the right party, and accordingly the judgment is affirmed. All concur.