[Civil No. 4594.   Filed January 29, 1945.]

[155 Pac. (2d) 782.]

JOHN T. ACTON, Appellant, v. NORMAN H. MORRISON, Appellee.

Mr. W. H. Chester and Mr. Herbert Watson, for Appellant.

Mr. H. M. Van Denburgh, for Appellee.

ROSS, C. J.—This is an appeal from an order dismissing plaintiff's action on the ground that it was barred by limitation.

On May 21, 1942, plaintiff filed his complaint against the defendant, a duly licensed dentist, for damages for malpractice in performing certain professional services upon plaintiff's teeth, in the months of July and August, 1935. It is alleged, in substance, that plaintiff's wisdom teeth in his lower jaw were impacted, and that defendant was employed to remove them; that he performed such professional services in July or August, 1935, as follows:

"(a) Defendant negligently and carelessly allowed a portion of a dentist drill to be broken off, embedded and left in the jawbone of the plaintiff; (b) defendant negligently and carelessly allowed a portion of a hypodermic needle to be broken off, embedded and left in the jawbone of the plaintiff";

that he represented by his acts and words that the work had been done in a skillful and capable manner, and that plaintiff would have no more trouble by reason of the removal of his teeth or the work done; that such representations were false and known to be false by defendant and made with intent to induce plaintiff to believe that said work had been done skillfully, capably and carefully; that said representations were made for the purpose of concealing from plaintiff the true facts and to avoid liability for his negligent acts.

By reason of such false representations plaintiff had no other work done nor examination of his teeth or jaw except as hereinafter alleged, but that he became sick and sore and disabled as a consequence of the

embedded metals in his jaw, and that he was forced to, and did, expend large sums of money in an attempt to discover the cause of his illness; that he became rheumatic and suffered a long period of illness; that he consulted defendant again in the fall of 1939, whereupon defendant took X-rays of his teeth and jawbone, and thereafter wrongfully and fraudulently represented to him that he had no disorders of the jawbone or his teeth, and that the work performed by defendant was skillful and capable; that plaintiff thereafter suffered from sickness and disability, and in October or November, 1941, he visited another dentist who took X-rays of plaintiff's jaw and advised him that defendant had allowed a portion of a dentist drill and a hypodermic needle to be broken off, embedded and left in the jawbone, and that a portion of the jawbone, in which the dentist drill was lodged, had to be removed; that the hypodermic needle could not be removed without removing a portion of the jawbone and other sound teeth, and was left in the jawbone.

The defendant filed a motion to dismiss the action on the grounds, (1) that the complaint fails to state a claim upon which relief can be granted; (2) that more than two years have elapsed from the date of the alleged injury and the bringing of the action, and therefore the action is barred by Section 29–202, Arizona Code Annotated 1939; and (3) that the complaint fails to state a claim upon which relief can be granted on the ground of fraud.

This motion was granted on September 14, 1942, in the following language:

"Order the defendant's motions for judgment on the pleadings is granted on the grounds the statute of limitations has run."

From this judgment the plaintiff has appealed, contending that the complaint states a cause of action for malpractice.

A reading of the complaint will disclose that the *gravamen* of the cause of action is negligence in extracting the plaintiff's teeth and a subsequent concealment of their condition. The action is based upon negligent and unskillful treatment and the fraudulent concealment from the plaintiff of the condition of his teeth and jawbone from the time of the operation until in October or November, 1941, when plaintiff visited another dentist who took X-rays of his jaw and advised him that defendant had allowed a dentist drill to be broken off and a portion left in the plaintiff's jawbone, and also that a hypodermic needle had been broken off and allowed to remain in the jawbone.

██ The liability of a dentist in performing an operation on a patient's teeth is very similar to that of a physician. 41 Am. Jur. 206, Sec. 88. He does not guarantee nor warrant his treatment will be successful. As held by this court in *Butler* v. *Rule*, 29 Ariz. 405, 242 Pac. 436, 440, quoting from *Hales* v. *Raines*, 146 Mo. App. 232, 130 S. W. 425:

" 'We gather from the authorities that the correct rule is, that a physician and surgeon when employed in his professional capacity is required to exercise that degree of knowledge and skill and care which physicians and surgeons practicing in similar localities ordinarily possess. In other words, a physician is held to that care and skill which was exercised generally by physicians of ordinary care and skill in his and similar communities. The physician is not chargeable with negligence for failure to use his best skill and ability if he uses the care and skill which is exercised generally by physicians of ordinary care and skill in similar communities (citing cases).' "

It will be observed from the complaint that the defendant is charged with negligence in the extraction and with concealing from the patient during all the time such patient was under his care the condition of his teeth and jawbone. This conduct of the dentist

is characterized by the plaintiff as fraudulent in that, instead of informing plaintiff of the condition of his teeth and jaw as was his duty, the dentist concealed such condition from the patient.

In view of these facts, it is the contention of plaintiff that defendant's conduct was fraudulent and that the statute of limitations in such a case does not run until three years from the date of discovery of the fraudulent conduct.

The statute claimed by plaintiff as applicable to the facts is Section 29–203, Arizona Code Annotated 1939, reading:

*"Three-year limitation.*—There shall be commenced and prosecuted within three (3) years after the cause of action shall have accrued, and not afterward, the following actions: . . .

"3. For relief on the ground of fraud or mistake, which cause of action shall not be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

The alleged fraud or fraudulent conduct of the defendant was not discovered nor known until October or November, 1941, when plaintiff was informed by another dentist of the condition of his jawbone and teeth. Up to that time he was in total darkness, according to the complaint, and he insists that the statute of limitations did not begin to run until he knew, or should have known by reasonable diligence, of the condition of his teeth and jawbone, and that the representations of the defendant were false.

■ The relation existing between the plaintiff and defendant was confidential, calling for frank and truthful information from the dentist to his patient, and he, in keeping from his patient knowledge of the true condition of his jaw and teeth, violated a very sacred duty he owed him.

██ Fraud practiced to conceal a cause of action will prevent the running of the statute of limitations until its discovery. *Peteler* v. *Robison,* 81 Utah 535, 17 Pac. (2d) 244; *Watts* v. *Mulliken's Estate,* 95 Vt. 335, 115 Atl. 150.

██ In the Peteler case, *supra,* the plaintiff Peteler sued her physician for damages for malpractice after the statute had run. To toll the statute the plaintiff alleged that defendant "with intent to deceive . . . and to induce her to refrain from bringing an action against him for malpractice, fraudulently concealed from her the facts of his negligence, lulled her into a belief that the evil results were but the natural consequence of the operation, . . . ." [81 Utah 535, 17 Pac. (2d) 249]. The court there held that such representations would toll the statute.

In *Tom Reed Gold Mines Co.* v. *United Eastern Min. Co.,* 39 Ariz. 533, 8 Pac. (2d) 449, a case of one mining company taking ore through underground workings from an adjoining mine owner who knew nothing of such trespass until limitations had run, we held that limitation does not begin to run against a trespass until the plaintiff knows, or reasonably should know, of the trespass, and that if the wrong constituting the cause of action is concealed, limitation will not begin to run until such concealment is discovered, or reasonably should have been discovered.

In *Griffith* v. *State,* 41 Ariz. 517, 20 Pac. (2d) 289, 293, we said:

"The test, therefore, is not whether the action is in form one of fraud, but whether it seeks relief on account of fraud in the original transaction. This in substance is our decision in Tom Reed Gold Mines Co. v. United Eastern Mining Co., *supra.* We hold, therefore, that fraudulent concealment by one occupying a position of trust tolls the running of the statute of limitations until the other party discovers or is put upon reasonable notice of the breach of trust, regardless

of the form of the action. We think this rule is both reasonable and just. . . . "

The judgment of the lower court is reversed and the cause remanded for further proceedings.

STANFORD and LaPRADE, JJ., concur.