450 P.2d 737

**Nick G. RODRIQUEZ and Mercey Rodriquez, his wife, Appellants,**

v.

**L. L. MANOIL, Appellee.**

**No. I CA–CIV 5I6.**

Court of Appeals of Arizona.

Feb. 26, 1969.

Rehearing Denied March 26, 1969.
Review Denied April 22, 1969.

**226**

Jestila & Holroyd, by Donald D. Holroyd, Phoenix, for appellants.

Jennings, Strouss, Salmon & Trask, by W. Michael Flood, Phoenix, for appellee.

CAMERON, Judge.

Plaintiffs, husband and wife, brought an action against the defendant physician for malpractice. The trial court granted defendant's motion to dismiss based upon the statute of limitations, § 12–542 A.R.S., and the plaintiffs appeal.

We are called upon to determine whether the complaint stated sufficient facts which would toll the statute of limitations so that plaintiffs' action was timely filed.

The complaint of the plaintiffs alleges that during the month of Otcober 1961 the defendant performed an operation on the plaintiff-wife known as a "cholecystectomy". Because of the alleged careless, unskillful, and negligent conduct of the defendant the operation was improperly performed. About two weeks later defendant referred the plaintiff to another physician, a specialist, for corrective surgery. The complaint alleges that the plaintiff has suffered permanent injury and "staggering" medical expense. The complaint further alleges:

"That plaintiffs had no knowledge of defendant's negligence except from the defendant himself and that the defendant concealed said information from the plaintiffs; that the plaintiffs did not acquire information and knowledge as to defendant's negligence until the month of July, 1964; and that such knowledge and information as to defendant's negligence was obtained from another physician who was at that time treating her

condition and who has since treated said condition."

The complaint was filed 24 March 1966 over five years after the conduct which forms the basis of the plaintiffs' complaint, and over nineteen months after plaintiffs' alleged discovery of the negligence. The applicable statute of limitations reads in part as follows:

"§ 12–542.   Injury to person; * * *
two year limitation

"There shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:

"1.   For injuries done to the person of another. * * *"

Until recently, the majority of cases have held that the statute of limitations for medical malpractice runs from the time of the alleged negligent act and not from the time the negligence is discovered. Vaughn v. Langmack, 236 Or. 542, 390 P.2d 142 (1964). But see Berry v. Branner, 245 Or. 307, 421 P.2d 996 (1966). As was stated in the Arizona Law Review:

"Statutes of limitations are designed to 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until the evidence has been lost, memories have faded, and witnesses have disappeared.' In the majority of jurisdictions, malpractice actions, including those involving a foreign object left in a patient's body, are governed by general tort statutes of limitations. In recent years, though, seventeen states have enacted statutes dealing specifically with malpractice, of which several allow the patient a designated period in which to file his claim after he discovers or reasonably should discover, the negligence; whereas others provide that the statute begins to run when the negligent act occurs.

"In states where there is no specific statutory provision, the courts have found difficulty resolving when the limitation period commences. Most

courts have decided that the statute begins to run, not at the time when the patient discovers or has opportunity to discover the doctor's negligent act, but at the time the negligent act occurs." 7 Arizona Law Review 156, 157 (1965). Our Supreme Court has discussed this matter in Acton v. Morrison, 62 Ariz. 139, 155 P.2d 782 (1945), and as follows:

"Finally we consider the question presented whether or not this action is barred by the statute of limitations. Had plaintiff known of the existence of the conditions upon which his action is founded, it would have been necessary for him to have brought the action sometime in the year 1937, for, it being an action for ' * * * Injuries done to the person of another * * * ', the two year statute of limitations * * * would have applied. Many jurisdictions apply the harsh rule that the limitations statute commences to run from the date of the wrongful act or omission, rather than from the date of the damage caused. (citations omitted) Another group of courts holds that where there is a continuance of treatment after act or omission causing injury, the limitations period does not begin to run until the treatment ceases, and this upon the theory that where the tort is continuing the right of action is also continuing, as respects time when cause of action accrued. (citations omitted) But neither of these theories would be of aid to plaintiff in the instant case for the reason that there was no continuance of treatment and more than two years had elapsed since the extractions. This court, however, adopted a rule which we believe is far more consonant with justice in the decision rendered on the first appeal of this case, Acton v. Morrison, supra, wherein plaintiff's allegations of fraud and concealment were held sufficient to toll the running of the statute until the date of discovery of the fraudulent conduct." Morrison v. Acton, 68 Ariz. 27, 33, 34, 198 P.2d 590, 594 (1948). See also Leech v. Bralliar, D.C., 275 F. Supp. 897 (1967).

We do not find in the instant complaint an allegation of fraudulent concealment such as was alleged in the Acton and Morrison cases, supra. It is true as our Supreme Court stated:

"The test, therefore, is not whether the action is in form one of fraud, but whether it seeks relief on account of fraud in the original transaction." Griffith v. State of Arizona, 41 Ariz. 517, 528, 20 P.2d 289, 293 (1933).

In the instant case, however, neither the specific allegations in plaintiffs' complaint nor the alleged facts lead us to the conclusion that fraudulent concealment, actual or constructive, is the basis of plaintiffs' claim. Even though the plaintiffs did not discover that something was wrong at the time of the first operation they at least, in the exercise of reasonable caution, had an opportunity to discover the doctor's alleged negligent acts at the time of the corrective surgery two weeks later.

We therefore hold that the statute of limitations is a defense and the judgment of the lower court is affirmed.

DONOFRIO, C. J., and STEVENS, J., concur.