708 P.2d 116

**Barbara TREDE, Plaintiff/Appellant,**

v.

**FAMILY DENTAL CENTER and Patricia Rubenstein, Defendants/Appellees.**

**2 CA–CIV 5422.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 21, 1985.

damages pursuant to an express warranty relating to the repair or replacement of the television set.

Sidney L. Kain, Tucson, for plaintiff/appellant.

Slutes, Sakrison, Grant & Pelander, P.C., by Jane L. Eikleberry, Tucson, for defendant/appellee Family Dental Center.

Murphy, Clausen & Goering, P.C., by Scott Goering, Tucson, for defendant/appellee Rubenstein.

## OPINION

FERNANDEZ, Judge.

The issue in this case is whether appellant Trede's medical malpractice claim is barred by the applicable statute of limitations, A.R.S. § 12-564. The trial court found it was and granted motions for summary judgment in favor of both appellees. We affirm.

Trede went to appellee Family Dental Center for extraction of her teeth. The surgery was performed on Thursday, May 1, 1980, and appellee Rubenstein, a nurse, administered the anesthesia into Trede's right hand. Rubenstein inserted the needle and said, "I think I missed the vein. Let's see." She then pushed the plunger, and Trede felt a burning sensation. Rubenstein re-inserted the needle and administered the anesthesia into the vein. Surgery proceeded without incident although Trede said she experienced pain in her hand but was unable to communicate that fact.

After the extraction was completed, Trede discovered her hand was purple and very swollen. Rubenstein had a technician put hot compresses on the hand for ten minutes. Rubenstein then told Trede to go home, continue heat treatments and keep the hand elevated higher than her heart for a week. She told her she had a mild case of phlebitis which would take a week to heal.

That evening Trede called Rubenstein and told her she was having continuing problems with swelling. Rubenstein told her the phlebitis was one of the risks of surgery and that she did not know if Family Dental Center would pay Trede's medical expenses if she went to a doctor. The next day Trede called Rubenstein again and was told Rubenstein had consulted with someone at St. Mary's Hospital who had agreed she had phlebitis and said she did not need to be examined.

On Monday, May 5, a dentist at Family Dental Center saw Trede as a follow-up to the surgery. He told her he would make an appointment for her to have her hand examined at St. Mary's Hospital. Later that day, however, another dentist from the center called her and said she did not need to be examined.

Trede then went to see her own doctor the same day. He confirmed the diagnosis of phlebitis, recommended elevation and heat, and said it would clear up in six weeks. She later saw two hand specialists who prescribed the same treatments plus some medications. One gave the same prognosis as her family doctor, and the other said it would take three to six months to heal. Trede has suffered some permanent injury to her hand and continues to experience symptoms.

The complaint was filed May 3, 1983. The applicable statute, A.R.S. § 12-564, requires a plaintiff to commence suit

within three years of the date of injury. Pursuant to *Kenyon v. Hammer*, 142 Ariz. 69, 688 P.2d 961 (1984), that period is subject to the "discovery rule" expressed in *Mayer v. Good Samaritan Hospital*, 14 Ariz.App. 248, 482 P.2d 497 (1971). That discovery rule provides that "a cause of action in a malpractice case accrues when the plaintiff knew or by the exercise of reasonable diligence should have known of the defendants' conduct...." 14 Ariz.App. at 252, 482 P.2d at 501.

■ Trede contends that, although she heard Rubenstein state she might not have hit the vein, immediately felt a burning sensation and thereafter began to experience symptoms, she did not know for a fact that she had been injured until she saw her doctor on Monday. There is no merit to this contention. Trede was aware of pain in her hand during the surgery, found it swollen and purple at the conclusion of surgery and immediately discussed the problem with Rubenstein. She was told the problem was phlebitis and was given treatment instructions to be carried out over the next week. She also spoke to Rubenstein twice by telephone during the weekend because of the continuing swelling. The facts clearly indicate she was aware of the injury at the very time it occurred on May 1.

■ Alternatively, Trede asserts that § 12–564(C) applies which tolls the statute when a defendant has intentionally prevented discovery of the injury by concealing or misrepresenting the facts of the injury. That theory is not supported by the evidence in this case.

The only evidence Trede put forth in support of that theory was a statement by Rubenstein during the first telephone call that she did not know whether the center would pay Trede's medical bills, a statement by Rubenstein during the second call that her hospital consultant said she did not need to be examined, and the statement by a center dentist in the telephone call on Monday that she did not need to be examined. The first statement had nothing to do with concealing or misrepresenting any facts of the injury; it merely involved a question of reimbursement for expenses. The latter two statements that she did not need to be examined also do not show a deliberate attempt to conceal the injury. Both speakers acknowledged an injury had occurred and both gave a diagnosis of, and treatment for, the injury which were exactly the same as what her own doctor told her. Although all medical personnel proved to be wrong about the extent of the injury, that fact does not constitute a deliberate attempt to conceal the fact of injury.

The case cited by Trede involves facts totally different from those in this case. In *Morrison v. Acton*, 68 Ariz. 27, 198 P.2d 590 (1948) and *Acton v. Morrison*, 62 Ariz. 139, 155 P.2d 782 (1945), a dentist concealed the fact that he had broken an instrument in plaintiff's mouth, and the piece remained in his jaw for nearly seven years until he saw another dentist. Nothing even approaching that occurred in this case.

The judgment for appellees is affirmed.

BIRDSALL, P.J., and LACAGNINA, J., concur.