NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ARTEMIS SHAMAMIAN, individually and as Trustee
of THE ADRINA SHAMAMIAN LIVING TRUST; and THE ADRINA
SHAMAMIAN LIVING TRUST, *Plaintiffs/Appellants*,

*v.*

ROBERT A. PASIONEK; PASIONEK & KRULISKY, an Arizona general
partnership; DAVIS MILES MCGUIRE GARDNER PLLC, an Arizona
professional limited liability company; PAUL A. KRULISKY;
CHARLES E. DAVIS; GREGORY L. MILES; DOUGLAS GARDNER;
and PERNELL W. McGUIRE, et al, *Defendants/Appellees*.[1]

No. 1 CA-CV 24-0190

FILED 07-17-2025

Appeal from the Superior Court in Maricopa County
No. CV2021-052853
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Law Office of Craig Stephan, Scottsdale
By Craig Stephan
*Counsel for Plaintiffs/Appellants*

---

[1]     The caption has been amended to reflect the correct parties on appeal and shall be used for all future filings in this case.

Meagher & Geer, P.L.L.P., Scottsdale
By Thomas Crouch, Kurt Zitzer, Jeffrey Pyburn, Spencer Proffitt
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Judge Daniel J. Kiley joined.

---

**B R O W N**, Judge:

¶1 The Adrina Shamamian Living Trust ("The Trust") and Artemis Shamamian (collectively, "Plaintiffs") appeal the superior court's grant of summary judgment to Davis Miles McGuire Gardner PLLC ("the Firm"), and Charles E. Davis, Gregory Miles, Pernell W. McGuire, and Douglas Gardner (collectively, "the Managers"). Plaintiffs also challenge the court's denial of their motion for new trial. For the following reasons, we affirm.

### BACKGROUND

¶2 In February 2015, Shamamian contacted Robert A. Pasionek, an attorney licensed to practice law in Michigan, to handle legal matters related to cybercrimes, bank fraud, hacking, and possible identity theft. At the time, Pasionek and attorney Paul Krulisky had an of-counsel relationship with the Firm—an Arizona professional limited liability company. The of-counsel agreement stated that Pasionek was an independent contractor, and not an agent or employee of the Firm. The Firm's website noted Pasionek's of-counsel relationship, indicated his law practice included securities, internet law, and commercial transactions, and stated he was admitted to practice in the state of Michigan as well as the United States District Court in the District of Michigan. Pasionek was not licensed to practice law in Arizona.

¶3 Pasionek began providing legal services to Plaintiffs in 2015. On March 30, 2015, Pasionek sent Shamamian an engagement letter on the Firm's letterhead. The letter stated, "Thank you for choosing [the Firm] as your legal counsel." The letter requested $5,000 as an advance deposit to be deposited into the Firm's trust account but listed Pasionek's personal bank account information. Neither the $5,000 retainer nor any subsequent

2

payments Shamamian made for legal services were deposited in any account belonging to the Firm.

¶4            In June 2015, the Firm terminated its of-counsel relationship with Pasionek. That month, Pasionek billed Shamamian for legal services using an invoice from "Pasionek & Krulisky, PC an affiliated entity to [the Firm]," for work performed from February 9, 2015, through June 12, 2015. Beginning in November 2015, invoices to Shamamian came solely from Pasionek & Krulisky, PC, without any reference to the Firm. Those invoices reflected legal services performed after June 16, 2015.

¶5            In August 2015, Shamamian communicated to others about her legal matters and identified Pasionek as her attorney. In one of her draft letters, she concluded by saying "please direct any response to my attorney, Mr. Robert Pasionek, c/o [the Firm]." When Pasionek reviewed the draft at Shamamian's request, he revised the concluding line to read, "[p]lease direct your response to Mr. Robert A. Pasionek, *c/o Gonzales Saggio Harlan*." (Emphasis added.) Shamamian sent this edited version of the letter. In a letter she wrote in November 2016, Shamamian communicated with another individual about her legal matters and again identified Pasionek as her attorney, asking the recipient to "[p]lease send these documents to my attorney, Robert Pasionek c/o *Pasionek & Krulisky, PC*." (Emphasis added.)

¶6            In April 2021, Shamamian fired Pasionek as her attorney. Throughout their business relationship, Shamamian always paid Pasionek through his personal bank account as listed in the initial engagement letter.

¶7            On August 6, 2021, Plaintiffs sued Pasionek, Krulisky, Pasionek & Krulisky, PC, the Firm, and the Managers. Shamamian alleged she paid Pasionek more than $400,000 in legal fees between 2015 and 2019 for incompetent, unnecessary, or unperformed legal work undertaken by Pasionek that involved the unauthorized practice of law in Arizona. Shamamian alleged the Firm and the Managers were liable for consumer fraud, breach of fiduciary duty, constructive fraud, malpractice, common law fraud, fraudulent concealment, and unjust enrichment. Shamamian essentially claimed that Pasionek was the Firm's agent, that the Firm and the Managers "held out" Pasionek as a Firm attorney licensed to practice law in Arizona, and that the Managers negligently vetted and supervised him.

¶8            The Firm and the Managers moved for summary judgment, asserting Plaintiffs' claims were untimely and the Firm could not be vicariously liable for Pasionek because he was not the Firm's agent. After

further briefing and oral argument, the superior court granted the motion, finding that because Plaintiffs conceded the Firm received no benefit, their claim for unjust enrichment failed as a matter of law. Addressing the tort claims, the court found that at a minimum, the Firm had an agency relationship (based on apparent authority) with Pasionek but any assertion that Pasionek was the Firm's actual agent "necessarily concluded following his [t]ermination." The court then determined there was no genuine issue of material fact that, in the exercise of reasonable diligence, Plaintiffs should have known well before August 2018 — when the longest limitations period for Plaintiffs' claims expired — that Pasionek was no longer "of counsel" with the Firm. The court then rejected Plaintiffs' reliance on the discovery rule and the fraudulent concealment rule, finding that all of Plaintiffs' tort claims "are time-barred."

**¶9**         The court entered partial final judgment under Arizona Rule of Civil Procedure 54(b). Plaintiffs moved for a new trial against the Firm on all claims (except unjust enrichment) and against McGuire on the claim for negligent vetting and supervision. The court denied the motion for new trial and Plaintiffs timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1) and (A)(5)(a).

## DISCUSSION

**¶10**         Shamamian challenges the superior court's determination that the applicable statutes of limitation barred her tort claims against the Firm as well as the negligent vetting and supervision claim against McGuire.[2] We review de novo a grant of summary judgment to determine if the court properly applied the law and whether any genuine issues of material facts exist. Ariz. R. Civ. P. 56(a); *Orme Sch. v. Reeves*, 166 Ariz. 301, 310 (1990). We view the record in the light most favorable to the nonmoving party, *Dinsmoor v. City of Phoenix*, 251 Ariz. 370, 373, ¶ 13 (2021), and we will affirm for any reason supported by the record, *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 329, ¶ 14 (App. 2014).

**¶11**         Generally, a cause of action accrues and the statute of limitations "begins to run when the act upon which the legal action is based took place, even though the plaintiff may be unaware of the facts underlying his or her claim." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995). If a defendant establishes as an

---

[2]         Shamamian does not challenge the dismissal of her claims against the other three managers (Charles E. Davis, Gregory Miles, Douglas Gardner).

affirmative defense that the statute of limitations applies, the plaintiff then bears the burden of proving the statute of limitations was tolled. *See Troutman v. Valley Nat'l Bank of Ariz.*, 170 Ariz. 513, 517 (App. 1992).

**¶12** Shamamian bases her claims against the Firm and the Managers on two key allegations: (1) the Firm "held out" Pasionek as an attorney licensed to practice law in Arizona and (2) the Firm terminated Pasionek in 2015 but failed to notify Shamamian. The alleged holding out and termination occurred no later than June 2015. Given that the longest applicable limitations period for Plaintiffs' claims is three years, any claim brought in 2021 based upon the alleged acts is time-barred unless the claims were tolled.[3] Shamamian argues the statute of limitations on her claims should be tolled based on the discovery rule and the fraudulent concealment rule.

### A. Discovery Rule

**¶13** Under the discovery rule, a claim "does not accrue until the plaintiff knows or *with reasonable diligence should know the facts underlying the cause.*" *Doe v. Roe*, 191 Ariz. 313, 322, ¶ 29 (1998) (citation omitted) (emphasis added). The statute of limitations for a claim under this rule is tolled until a plaintiff "possesses a minimum knowledge sufficient to recognize that a wrong occurred and caused injury." *Elm Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290, ¶ 11 (App. 2010) (citation omitted). This rule applies when the injury or the act causing the injury, or both, are difficult for a plaintiff to detect. *Gust, Rosenfeld & Henderson,* 182 Ariz. at 589. Moreover, plaintiffs cannot hide behind their ignorance if a reasonable investigation would have alerted them to their claim. *Elm Ret. Ctr.*, 226 Ariz. at 290, ¶ 12. Plaintiffs have "a duty to investigate with due diligence to discover the necessary facts" that would support their claim. *Doe*, 191 Ariz. at 324.

**¶14** Shamamian argues that Pasionek was an apparent agent of the Firm, making the Firm liable for Pasionek's tortious actions. An apparent agency relationship exists when "conduct of a principal [] allows a third party reasonably to conclude that an agent is authorized to make

---

[3] The relevant limitations period for Plaintiffs' claims are: (1) one year for consumer fraud, A.R.S. § 12-541(5); (2) two years for breach of fiduciary duty, negligent malpractice, and negligent vetting and supervision, A.R.S. § 12-542; and (3) three years for constructive fraud, common-law fraud, and fraudulent concealment, A.R.S. § 12-543(3).

certain representations or act in a particular way." *Miller v. Mason-McDuffie Co. of So. Cal.*, 153 Ariz. 585, 589 (1987). Such conduct will make the principal liable for the agent's actions "even if the agent was acting for his own purposes." *Id.* The superior court determined that, initially, Pasionek was an apparent agent of the Firm. We agree with the court on this point, as there was evidence from which a reasonable person could conclude Pasionek had authority to act on the Firm's behalf, given that the Firm allowed him to use its conference rooms and email address and included him on its website. But that relationship ended with Pasionek's separation from the Firm in June 2015. Thus, for the discovery rule, the question is when Shamamian knew or should have known that Pasionek was no longer acting under the Firm's authority. *See Satamian v. Great Divide Ins. Co.*, 257 Ariz. 163, 170, ¶ 13 (2024) ("To be sure, it is not enough that a plaintiff comprehends a 'what'; there must also be reason to connect the 'what' to a particular 'who' in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault.") (citations omitted).

**¶15** Regarding Shamamian's claim that the Firm "held out" Pasionek as an attorney licensed to practice in Arizona, we disagree. The Firm's website did not list Pasionek as an Arizona-licensed attorney; instead, it listed his Michigan court admissions. The engagement letter Pasionek sent to Shamamian does not identify Pasionek as an attorney licensed to practice law in Arizona. And because attorney licensing information is readily available on the State Bar of Arizona's website, it would have been simple for a reasonable person to discern that Pasionek was not licensed to practice law in Arizona.

**¶16** Though the Firm terminated its relationship with Pasionek in June 2015, nothing in the record indicates that Shamamian knew or should have known that Pasionek was no longer associated with the Firm at that time. Shamamian's engagement letter with Pasionek was on Firm letterhead and began with, "[t]hank you for choosing [the Firm] as your legal counsel." At some point, Shamamian met with Pasionek in a conference room in the Firm's offices. And in June 2015, Pasionek sent an invoice to Shamamian indicating that Pasionek and Krulisky were affiliated with the Firm.

**¶17** Subsequent communications, however, between Pasionek and Shamamian should have alerted Shamamian to the fact that Pasionek was no longer associated with the Firm. According to Shamamian, shortly after signing the engagement letter, Pasionek discouraged her from contacting the Firm, and instructed her to contact Pasionek only through

his cell phone and personal email. Pasionek's edits to Shamamian's 2015 draft letter show that he instructed her to remove a reference to the Firm, and Shamamian did so before sending the letter. And the letter she sent the following year likewise has no reference to the Firm. Lastly, subsequent invoices beginning in November 2015 removed any mention of the Firm and instead identified her counsel as "Pasionek & Krulisky, PC " until 2016 and "Pasionek & Krulisky" through 2019.

¶18 Shamamian contends these occurrences did not alert her to the possibility that Pasionek was no longer engaged with the Firm, because the engagement letter never changed. She likewise believed her direct contact with Pasionek only indicated she had a "certain exclusivity" with Pasionek as an attorney of the Firm and claimed she did not know who or what Gonzales Saggio Harlan was. But actual knowledge is not the sole consideration for determining whether a claim is tolled by the discovery rule. Rather, the question is whether Shamamian knew or *should have known*, with reasonable investigation, that Pasionek was no longer an agent of the Firm. *Doe*, 191 Ariz. at 322, ¶ 29. There is no genuine dispute that the communications between Shamamian and Pasionek, in which he distanced himself from the Firm, at the least put Shamamian on notice that she needed to investigate the status of Pasionek's relationship with the Firm.

¶19 Shamamian also argues the Firm breached its fiduciary duties by failing to disclose that Pasionek was not licensed in Arizona, *see* Ariz. R. Sup. Ct. 42 (Arizona Rules of Professional Responsibility), E.R. 5.5, and that Pasionek's failure to disclose that he was not licensed in Arizona ought to be imputed on the Firm because Pasionek was an apparent agent of the Firm. But as the superior court recognized, rules of professional conduct do not, on their own, establish legal duties nor liability. *See* Ariz. R. Sup. Ct. 42, Preamble, Scope ¶ 20 (noting that ethical rules "are not designed to be a basis for civil liability" and their purpose "can be subverted when they are invoked by opposing parties as procedural weapons"). Although Pasionek initially had an apparent agency relationship with the Firm, as we have explained, Shamamian should have known well before the time had expired for filing her lawsuit that the relationship no longer existed.

### B. Fraudulent Concealment

¶20 Aside from the standard discovery rule, Shamamian argues the fraudulent concealment rule tolls the statute of limitations for her claims, relying on *Walk v. Ring*, 202 Ariz. 310, 319, ¶ 34 (2002). The principle that "[f]raud practiced to conceal a cause of action will prevent the running

of the statute of limitations" is well-rooted in Arizona law. *Id.* (quoting *Acton v. Morrison*, 62 Ariz. 139, 144 (1945)). In such cases, when a defendant has hidden the facts necessary for a plaintiff to discover that a claim exists, the rule relieves the plaintiff "of the duty of diligent investigation" and will toll the statute of limitations "until such concealment is discovered, or reasonably should have been discovered." *Walk*, 202 Ariz. at 319, ¶ 35 (quotations omitted).

**¶21** In *Walk*, our supreme court found there were genuine factual issues as to whether a doctor had fraudulently concealed negligence because he "did not disclose all he knew" about an injury his work had caused a patient. *Walk*, 202 Ariz. at 319, ¶ 37. In that case, the defendant had performed dental work on a patient who experienced complications following the procedure. *Id.* The defendant then referred his patient to another doctor, and that doctor expressed concerns that the defendant's work had caused the plaintiff's injury. *Id.* The defendant, however, did not disclose this to the patient; to the contrary, he told the plaintiff he had done nothing wrong. *Id.* Because the defendant had a fiduciary relationship with the patient and withheld information he possessed regarding the cause of the patient's injury, the court held there were questions of material fact as to whether the doctor's conduct amounted to fraudulent concealment sufficient to toll the statute of limitations.

**¶22** Here, nothing in the record indicates that the Firm concealed information regarding Pasionek's licensing. The Firm's website explicitly displayed the jurisdictions where Pasionek was licensed, and Shamamian has pointed to no evidence indicating that the Firm made any representations that Pasionek could practice law in Arizona. *See id.* There is no indication that the Firm misled Shamamian or "fail[ed] to disclose true facts." *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 427–28 (App. 1987).

**¶23** We are also not persuaded that the fraudulent concealment rule supports Shamamian's tolling argument. According to Shamamian, because the Firm had a fiduciary relationship with her, the Firm's failure to notify her about Pasionek's termination constituted fraudulent concealment. As our court explained in *Walk v. Ring*, "if fraudulent concealment is established, the patient is relieved of the duty of diligent investigation required by the discovery rule and the statute of limitations is tolled "until such concealment is discovered, *or reasonably should have been discovered*." *Walk*, 202 Ariz. at 319, ¶ 35 (citation modified) (emphasis added). In such cases, a plaintiff's duty to investigate arises once they "discover[] or [are] put upon reasonable notice" of the concealment. *Id.* (citation omitted). Even assuming the Firm's failure to notify Shamamian

about Pasionek's termination constituted a concealment under the rule, no genuine dispute exists that Shamamian reasonably could have discovered that the Firm did not disclose Pasionek's termination. As we have discussed, *supra* ¶ 17, several communications between Pasionek and Shamamian would have at least given her reasonable notice that Pasionek was no longer associated with the Firm, and that the Firm did not tell her about Pasionek's separation. Thus, the superior court did not err in concluding Shamamian's claims are time-barred.[4]

**CONCLUSION**

**¶24** We affirm the superior court's ruling. We award taxable costs to the Firm and the Managers upon compliance with Arizona Rule of Civil Appellate Procedure 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:       JR

---

[4] Plaintiffs make a separate argument challenging the dismissal of the negligent vetting and supervision claim against McGuire. The superior court dismissed the claim in part against McGuire because Plaintiffs presented no evidence showing that Pasionek was an agent of McGuire as opposed to the Firm. Because we resolve this appeal on statute of limitations grounds, we do not address whether the court erred in dismissing the negligent vetting and supervision claim against McGuire.